UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ICT LAW AND TECHNOLOGY
GROUP, PLLC,

           Plaintiff,

  v.

SEATREE PLLC, and JAMES J.
NAMIKI,

           Defendants.

C17-1681 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's Motion to Dismiss, docket no. 7, is GRANTED in part and DEFERRED in part, as follows:

    (a) Counts I and II are DISMISSED without prejudice. The Complaint, docket no. 1, does not plausibly allege that Mr. Namiki or Seatree PLLC were persons acting under the color of state law sufficient to state a 42 U.S.C. § 1983 claim against them. *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

    (b) Count III, brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), is DISMISSED without prejudice.

    (c) Count IV is DISMISSED with prejudice. Plaintiff did not properly remove the state court action alleged in the Complaint in accordance 28 U.S.C. § 1446.

MINUTE ORDER - 1

(2) Plaintiff's Motion for Leave to File Supplement to Original Complaint, docket no. 39, is treated as a motion to amend the Complaint. The motion is GRANTED. If ICT wishes to amend its complaint, it shall file an amended complaint within twenty-eight (28) days of this Minute Order.

(3) If ICT seeks to re-plead a RICO claim, it shall submit with its amended complaint a RICO case statement, which shall include the facts upon which ICT is relying to support its RICO claim as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. The RICO statement shall be in a form using the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. <u>RICO Provision</u>: State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. <u>Defendants</u>: List each RICO defendant and state the alleged misconduct and basis of liability of each RICO defendant.

3. <u>Other RICO Violators</u>: List all alleged RICO violators other than the RICO defendants listed above, and state the alleged misconduct of each alleged wrongdoer.

4. <u>Victims</u>: List the alleged victims and state how each victim was allegedly injured.

5. <u>Pattern of Racketeering Activity</u>: Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

   a. List the alleged predicate acts and the specific statutes that were allegedly violated;

   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c. If the RICO claim is based on the predicate offenses of mail fraud, wire fraud, or fraud in the sale of securities, then state the circumstances constituting fraud "with particularity," Fed. R. Civ. P. 9(b), including the time, place, and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

        d.      State whether there has been a criminal conviction for violation of the predicate acts and, if so, provide particulars;

        e.      State whether civil litigation has resulted in a judgment with respect to the predicate acts and, if so, provide particulars; and

        f.      Describe how the predicate acts are both "related" and "continuous" within the meaning of *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989), and its progeny, including *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).

6.    <u>Enterprise</u>: Describe in detail the alleged enterprise and specify what structure it had. A description of the enterprise shall include the following information:

        a.      State the names of the individuals, partnerships, corporations, associations, or other legal entities, that allegedly constitute the enterprise;

        b.      Describe the structure, purpose, function, and course of conduct of the enterprise;

        c.      State whether any defendants are employees, officers, or directors of the alleged enterprise or are associated with the alleged enterprise;

        d.      Describe the alleged relationship between the activities of the enterprise and the alleged pattern of racketeering activity, and discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all; and

        e.      Describe how the enterprise was affected by or benefitted from the alleged pattern of racketeering activity.

7.    <u>Interstate or Foreign Commerce</u>: Describe the effect of the activities of the enterprise on interstate or foreign commerce.

8.    If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information: (i) State who received the income derived from the pattern of racketeering activity or

through the collection of an unlawful debt; and (ii) Describe the use or investment of such income.

9. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information: (i) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and (ii) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

10. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information: (i) State who is employed by or associated with the enterprise; and (ii) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12. <u>Injury to Business or Property</u>: Describe (i) the alleged injury to business or property, and (ii) the direct causal relationship between the alleged injury and the violation of the RICO Act.

13. <u>Damages</u>: List the damages sustained by reason of the alleged violation of § 1962, indicating the amount for which each defendant is allegedly liable.

(4) Plaintiff's motion for declaratory judgment under 28 U.S.C. § 2201(a), docket no. 54, is DENIED without prejudice. A party may not make a motion for declaratory judgment; instead, the party must bring an action for declaratory judgment. *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*, 560 F.3d 935, 943 (9th Cir. 2009).

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of June, 2018.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 4