UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ICT LAW PLLC,<br><br>               Plaintiff,<br><br>   v.<br><br>SEATREE PLLC, et al.,<br><br>               Defendants. | C17-1681 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, docket no. 71 (the "Motion" or "Motion to Dismiss"). Having reviewed all papers filed in support of, and in opposition to, the Motion, the Court enters the following order.

**<u>Background</u>**

Defendant James J. Namiki provided legal services to Plaintiff ICT Law PLLC ("Plaintiff") through his company, SeaTree PLLC. *See* docket no. 70 (the "Amended Complaint"), 18, 39–40, 72–73. Namiki—with the help of another attorney, Defendant Daniel Kalish, *see id.* at 29, filed a lawsuit for wages against Plaintiff in King County State Court and obtained a $402,817.68 judgment. *See id.* at 40. Plaintiff alleges

ORDER - 1

throughout the Amended Complaint that Namiki concealed evidence and submitted false information in connection with the state court action resulting in the $402,817.68 judgment.

Plaintiff commenced this action on November 9, 2017, by filing a complaint, docket no. 1 (the "Original Complaint"), asserting four claims against Defendants. Plaintiff's first and second claims alleged violations of 42 U.S.C. § 1983 against Defendants James J. Namiki and Seatree PLLC. Original Complaint at ¶¶ 73–89. Plaintiff's third claim alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at ¶¶ 90–102. Its fourth claim sought removal of a state court lawsuit under 28 U.S.C. § 1338. *Id.* at ¶¶ 103–09. On June 6, 2018, the Court granted in part Defendants' Motion to Dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6). Docket no. 62. The Court dismissed without prejudice Plaintiff's first, second, and third claims with leave to amend, and dismissed the fourth claim with prejudice. *See id.* The Court instructed that if Plaintiff "seeks to re-plead a RICO claim, it shall submit with its amended complaint a RICO case statement, which shall include facts upon which ICT is relying to support its RICO claim as a result of the 'reasonable inquiry' required by Federal Rule of Civil Procedure 11." *Id.*

On July 5, 2018, Plaintiff filed an Amended Complaint and added a new defendant, Daniel Kalish, who is also a lawyer licensed in Washington. Docket No. 70 ("Amended Complaint") at 18. The Amended Complaint alleges four claims. The first and second claims allege violations of 42 U.S.C. § 1983 against Defendants Namiki and Seatree PLLC. Amended Complaint at pp. 34–44. The third and fourth claims assert

RICO violations against all Defendants. *See id.* at pp. 44–180. Appended to the Amended Complaint is a "RICO Case Statement" in which Plaintiff purports to describe the "enterprise" element of his RICO claims, but does not address or otherwise explain the remaining elements requested by the Court in its June 6 Minute Order. *See id.* at pp. 191–94. Plaintiff purports to have provided the requested information in other docket entries, including docket nos. 31, 33, 66, 104-1 and elsewhere, filed before and after the June 6 Minute Order.

On June 12, 2018, Defendants filed the instant Motion seeking dismissal of the Amended Complaint under Rule 12(b)(6). *See* docket no. 71.

**Discussion**

    A.    **Legal Standard**

FRCP Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in that party's favor. *Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1206 (W.D. Wash. 2013). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To move beyond a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim

has facial plausibility when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

B. **Analysis**

1. **Plaintiff's § 1983 Claims**

Plaintiff does not plausibly allege that any Defendant in this action was acting under the color of state law, which is a necessary prerequisite for any claim brought under 42 U.S.C. § 1983. *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Plaintiff's Amended Complaint reiterates earlier allegations that Defendants engaged in "joint action" with officials. Docket No. 70 at 26.[1] None of the remaining Defendants are state or local officials, but Plaintiff argues that Defendants acted under color of law by prosecuting a lawsuit, obtaining a judgment, and obtaining writs of garnishment, all of which took place within the King County court system and involved action by clerks and judges within that system. *Id.* Although Plaintiff's legal arguments are not always clear, the Court understands Plaintiff to be challenging both the procedures for issuing writs of

---

[1] Plaintiff has filed numerous docket entries styled as declarations and other exhibits linked to earlier- and later-filed pleadings. *E.g.*, Docket No. 104-1. At times, Plaintiff appears to suggest these filings contain evidence relevant to pending motions for summary judgment, despite the fact that the Court has stayed Plaintiff's motions for summary judgment while it resolves the pending motion to dismiss. Out of an abundance of caution, the Court has reviewed the supporting declarations and exhibits and treats them as allegations supporting the Amended Complaint.

ORDER - 4

garnishment and private misuse of those procedures by Defendants Namiki and Seatree. Whether Plaintiff states a claim under each theory requires a separate analysis.

Plaintiff cannot state a claim for private misuse of the garnishment procedure. *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) (explaining that a deprivation caused by a state-created procedure may be attributed to the state whereas a deprivation caused by the misuse of that procedure cannot); *Seattle Fishing Servs. LLC v. Bergen Industries and Fishing Co.*, 242 Fed. App'x 436 (9th Cir. 2007) (affirming dismissal for failure to state a claim in 1983 action against clerks issuing garnishment). Taking as true Plaintiff's allegations that Defendants Seatree and Namiki misused the garnishment procedure—including by failing to provide notice to Plaintiff—those allegations alone do not state a claim under Section 1983.

Plaintiff's challenge to the fairness of the garnishment procedure, generally, is a separate question. As discussed in this Court's minute order dismissing claims against King County in related case No. 17-cv-1572 (docket no. 85), Plaintiff's procedural challenge also cannot stand. Washington Rule of Appellate Procedure 17.7 affords Plaintiff with an adequate remedy to challenge the alleged deprivation of Plaintiff's rights. *Brogan v. San Mateo Cty.*, 901 F.2d 762, 764 (9th Cir. 1990). Additionally, under Washington Rule of Appellate Procedure 7.1, the King County Superior Court had jurisdiction to enter the summary judgment order and Final Judgment notwithstanding Plaintiff's Notice of Appeal.

Having previously granted Plaintiff leave to cure this defect, the Court concludes that any additional amendments would be futile and DISMISSES with prejudice Plaintiff's § 1983 claims as alleged in Counts I and II of the Amended Complaint.[2]

### 2. **Plaintiff's RICO Claims**

Plaintiff has not alleged sufficient facts to plausibly plead either of its RICO claims, as alleged in Counts III and IV of the Amended Complaint. To plead a RICO claim under 18 U.S.C. §1962, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Howard v. America Online, Inc.*, 208 F.3d 741, (9th Cir. 2000). A "pattern of racketeering activity" requires at least two acts of racketeering activity, commonly referred to as predicate acts. *See* 18 U.S.C. § 1961(5). Predicate acts span a broad range of crimes including wire and mail fraud. 18 U.S.C. § 1961(1). However, where predicate acts are based in fraud, they must be pleaded with particularity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2007); *see also* Fed. R. Civ. P. 9(b).

In support of its RICO claim against Defendants Namiki, Seatree PLLC, and Dan Kalish (Count III), Plaintiff alleges two predicate acts: (1) extortion in the second degree and (2) perjury in the first degree. *See* Amended Complaint at 72. To constitute a predicate act under RICO, extortion must either meet the elements of the federal crime

---

[2] Further amendments, in addition to being futile, would be unfair to the Defendants in this action who have now responded to two complaints in this action and some of whom have responded to similar allegations in a related action (*see ICT Law and Technology Group, PLLC v. Seatree PLLC, et al.*, Case No. 17-1572-TSZ).

ORDER - 6

described in the Hobbs Act or as a state felony crime. 18 U.S.C. § 1951. The Hobbs Act defines extortion as "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b). The "obtaining" element "requires a showing that a defendant received something of value from the victim of the alleged extortion and that the "thing of value can be exercised, transferred, or sold." *United States v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009). Washington law requires that the defendant "obtain or attempt to obtain by threat [the] property or services of the owner . . . ." RCW 9A.56.110. Extortion in the second degree means "extortion by means of a wrongful threat . . . ." RCW 9A.56.130.

Neither Plaintiff's Amended Complaint nor the attached RICO Statement contains factual allegations sufficient to meet these requirements. Plaintiff alleges that Defendants engaged in routine litigation tactics, *see, e.g.*, Amended Complaint at 69–70, but does not identify any wrongful "threat" or other proscribed misconduct sufficient to plead extortion as a predicate act. Citing RCW 9A.110(28)(g) and (h), *see* Amended Complaint at 71, Plaintiff alleges that "threat" means to communicate the intent "[t]o testify or provide information or withhold testimony or information with respect to another's legal claim or defense;" or "[t]o take wrongful action as an official against anyone or anything, or wrongfully withhold official action, or cause such action or withholding[.]" But Plaintiff cannot rely on mere labels and conclusions to support its RICO theory, *see Twombly*, 550 U.S. at 555, and the Amended Complaint is otherwise devoid of any supporting factual allegations that any Defendant *wrongfully*

communicated the intent to withhold information or took any other wrongful action. Plaintiff posits in various places that Defendants concealed information or made false statements, but does not provide any facts which, if accepted as true, would plausibly state a claim for extortion sufficient to demonstrate a predicate act under RICO.

Perjury in the first degree requires "a materially false statement which [a person] knows to be false under an oath required or authorized by law." RCW 9A.72.020; *see also State v. Olson*, 92 Wn.2d 134, 138 (1979) ("It is the general rule that a perjury charge cannot be maintained where the testimony of the accused was literally, technically, or legally true."). Plaintiff refers to a series of statements as being false, but does not sufficiently describe the contents of those statements or allege why those statements are not literally, technically, or legally true. Specifically, Plaintiff argues that Defendants committed perjury by failing to include in their declarations supporting their application for a writ of garnishment that Plaintiff had appealed the underlying state court judgment. Plaintiff fails to explain why this detail should have been included in Defendants' declarations or how that information would have been material to the writ application, and as a result the Amended Complaint does not contain sufficient facts to plausibly establish perjury in the first degree charge.

Finding Plaintiff's allegations for extortion in the second degree and perjury in the first degree insufficient, the Court concludes that Plaintiff has not alleged enough facts to establish a predicate act for purposes of stating a RICO claim. Any further leave to

amend would be futile and Plaintiff's RICO claim against Defendants Namiki, Seatree PLLC, and Dan Kalish[3] (Count III) is DISMISSED with prejudice.

In support of its RICO claim against Defendants Namiki and Seatree (Count IV), Plaintiff alleges three other predicate acts: (1) mail fraud, (2) wire fraud, and (3) bank fraud. "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citations and quotations omitted). The Amended Complaint alleges in conclusory fashion that unspecified members of an "enterprise" engaged in fraud by submitting false or fraudulent statements. *See, e.g.*, Amended Complaint at 131–32, 136, 140–42. But nowhere in the Amended Complaint does Plaintiff allege facts to give Defendants "fair notice of what [the] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. The Amended Complaint does not explain who submitted what statement, when those purportedly false statements were made, why those statements were actually false (beyond merely labeling them as such), or any other factual support in connection with Plaintiff's assertion that Defendants engaged in any type of fraud. At most, Plaintiff alleges that Defendant Namiki did not have a license to

---

[3] Kalish is a new defendant in the First Amended Complaint, but the underlying claims in Count III are duplicative of the RICO counts this Court previously dismissed. Docket No. 62. The Court finds that Plaintiff has had multiple opportunities to allege his RICO causes of action based on extortion and perjury, and simply adding new defendants to that cause of action does not justify an additional opportunity to amend. The Court is convinced that at this stage in the pleadings any further amendment with respect to Kalish alone would be futile.

practice law in Washington or Oregon at the time Namiki and Seatree invoiced Plaintiff for legal work. Because the unauthorized practice of law is a crime in Washington, Plaintiff concludes that Defendants commited mail and/or wire fraud by sending invoices through the mail or over the internet. Yet Plaintiff never alleges what work Defendants performed, whether that work required a license in Washington or Oregon, whether Defendants misrepresented any material facts with an intent to defraud Plaintiff, and whether and how Plaintiff was injured by these alleged misrepresentations other than the conclusory and unelaborated statement that the work performed was valueless because Defendant was not licensed in Washington or Oregon. *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Without these specifics, the Court is unable to draw any reasonable inference in Plaintiff's favor that the Defendants are liable for the misconduct alleged. The Amended Complaint does not contain enough allegations to establish any type of fraud as a predicate act sufficient to plausibly state a RICO claim.[4] Plaintiff's RICO claim against Defendants Namiki and Seatree (Count IV) is therefore DISMISSED with prejudice.[5]

---

[4] Having concluded that Plaintiff does not sufficiently allege any predicate act, the Court also concludes that Plaintiff has not alleged a "pattern" of conduct. The "pattern" element "requires at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity[.]" 18 U.S.C. § 1961(5).

[5] Although Count IV is a new cause of action not previously pled in the original complaint, it is duplicative of the prior RICO causes of action. The only difference between Count III and Count IV is that Count IV is based on newly alleged predicate acts of mail, wire, and bank fraud. Those predicate acts, were added after the Court instructed Plaintiff to provide additional factual support for his prior RICO claims. See Docket No. 62. Given that Plaintiff has already had multiple opportunities to state a RICO claim, the Court finds that further opportunities to amend Count IV would be futile.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Motion to Dismiss is GRANTED and the Amended Complaint, docket no. 70, is DISMISSED with prejudice.

(2) The Clerk is directed to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 12th day of October, 2018.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge